

IN THE

# Indiana Supreme Court

Supreme Court Case No. 24S-CT-378

## Calvary Temple Church of Evansville, Inc.,
*Appellant,*



FILED

Feb 11 2025, 3:01 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

–v–

## Gerard A. Kirsch,
*Appellee.*

Argued: December 12, 2024 | Decided: February 11, 2025

Appeal from the Vanderburgh Superior Court
No. 82D05-2109-CT-4406
The Honorable Mary Margaret Lloyd, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-CT-1728

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices Massa, Goff, and Molter concur.

**Slaughter, Justice.**

Our legislature limits the duties that a nonprofit religious organization, like a church, owes to persons entering its premises. For an invitee—one who enters the premises with the church's actual or implied permission—the church's twin duties are to warn of hidden dangers of which it has actual knowledge and not to harm the entrant intentionally. Unless the church breaches one of these limited duties, it is not liable for injuries sustained on its premises. This limitation of liability does not apply to all church premises. It applies only to the "premises owned, operated, or controlled by the nonprofit religious organization and used primarily for worship services". We hold that "premises" includes a whole parcel of land, and that a church has limited premises liability so long as the parcel is "owned, operated, or controlled by the nonprofit religious organization and used primarily for worship services".

I

A

Calvary Temple Church of Evansville, Inc., is a small church with fewer than 150 members. The church's house of worship sits on nearly five acres of land in Evansville, Indiana. Gerard A. Kirsch joined the church in 2012 and began serving on its board in 2014. In 2019, the board voted to build a storage barn on its land for a new church van. Kirsch agreed to oversee the project. He chose a site next to the church's parking lot and began building the barn. As Kirsch was climbing a ten-foot ladder to affix a metal sheet to the barn's roof, he felt the ladder wobble underneath him. He jumped from the ladder and threw the metal sheet aside. Kirsch fell atop the metal sheet's sharp edge, which cut deep into his arm and required surgery. Even after surgery, Kirsch still suffers numbness in his right arm and hand.

B

Kirsch later sued the church. He alleged the church negligently caused his injury by failing to: provide a ladder and other equipment in "safe and in working order"; "properly supervise" him; and prevent him from

building the shed "without proper equipment, training, and supervision." The church denied it was negligent.

After discovery, the church moved for summary judgment. It argued that Indiana Code section 34-31-7-2 dooms Kirsch's claim. The statute protects a church from certain premises-liability claims by narrowing the duties a "nonprofit religious organization" owes those entering its premises. Ind. Code § 34-31-7-2. For invitees like Kirsch, a church need only warn of known hidden dangers and refrain from intentional harm. *Id.* § 34-31-7-2(1). Kirsch acknowledged that the church is a nonprofit religious organization, and that the church breached neither duty owed him under the statute. Thus, the church argued, Kirsch's claim fails because it owed him no other duty of care.

Kirsch disagreed, arguing the statute does not apply. He said the church owed him the additional duty of "reasonable care", see *Frye v. Trs. of Rumbletown Free Methodist Church*, 657 N.E.2d 745, 748 (Ind. Ct. App. 1995), which it breached by not preventing his injury. The statute applies to "premises owned, operated, or controlled by the nonprofit religious organization and used primarily for worship services". I.C. § 34-31-7-2. Kirsch claimed this language exempts a church from its duty to provide reasonable care only on the part of its premises that is "used primarily for worship services". Kirsch claimed he was injured on a portion of the church's premises not "used primarily for worship services". Thus, he said, the statute does not bar his claim.

The trial court agreed with Kirsch and denied summary judgment, holding that a jury must decide whether the church breached any duty to Kirsch. The church then asked the court to certify its order for interlocutory appeal under Appellate Rule 14(B), and the court granted its request.

The court of appeals accepted jurisdiction and affirmed in a precedential opinion. *Calvary Temple Church of Evansville, Inc. v. Kirsch*, 232 N.E.3d 1182 (Ind. Ct. App. 2024). The court found the statute ambiguous and, since it derogates common law, construed it narrowly. The court held that the statute protects "only those **portions** of the premises that are used primarily for worship services." *Id.* at 1186 (emphasis in original). And because it found that Kirsch was injured on a part of the premises not "used

primarily for worship services", the court affirmed the trial court's order denying the church summary judgment. *Ibid.*

The church then sought transfer, which we granted, 245 N.E.3d 1016 (Ind. 2024), thus vacating the appellate opinion, Ind. Appellate Rule 58(A).

## II

To win his negligence claim at trial, Kirsch must show that the church owed him a legal duty that it breached, proximately causing him injury. See *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011). The dispositive issue here—whether the church owed Kirsch a duty of reasonable care—turns on whether section 34-31-7-2 applies. If it applies, the statute bars Kirsch's claim by relieving the church of its duty to exercise reasonable care for those who enter its premises. But if the statute does not apply, his claim avoids summary judgment and can proceed to trial. The trial court held the statute does not apply. We review the court's interpretation of section 34-31-7-2, like any other statute, de novo. *Bojko v. Anonymous Physician*, 232 N.E.3d 1155, 1158 (Ind. 2024).

We hold that section 34-31-7-2 applies because "premises" in this section has an expansive meaning and includes the entire parcel of land where Kirsch was injured.

## A

We interpret a statute by giving its words their plain meaning. *Morales v. Rust*, 228 N.E.3d 1025, 1054 (Ind. 2024). "When those words are clear and unambiguous, we simply apply their plain meaning, without resorting to other canons of statutory construction." *Ind. Right to Life Victory Fund v. Morales*, 217 N.E.3d 517, 524 (Ind. 2023) (quoting *Rogers v. Martin*, 63 N.E.3d 316, 327 (Ind. 2016)).

The disputed statute here covers "premises" that are "owned, operated, or controlled" by a church and "used primarily for worship services":

> Sec. 2. Except as provided in section 3 of this chapter [IC 34-31-7-3], a nonprofit religious organization has only the following

duties concerning persons who enter premises owned, operated, or controlled by the nonprofit religious organization and used primarily for worship services:

(1) If a person enters the premises with the actual or implied permission of the nonprofit religious organization, the nonprofit religious organization has a duty to:

(A) warn the person of a hidden danger on the premises if a representative of the nonprofit religious organization has actual knowledge of the hidden danger; and

(B) refrain from intentionally harming the person.

(2) If a person enters the premises without the actual or implied permission of the nonprofit religious organization, the nonprofit religious organization has the duty to refrain from intentionally harming the person.

I.C. § 34-31-7-2.

This statute does not define "premises". When a statutory term is undefined, "the legislature directs us to interpret the term using its 'plain, or ordinary and usual, sense.'" *Rainbow Realty Grp., Inc. v. Carter*, 131 N.E.3d 168, 174 (Ind. 2019) (quoting I.C. § 1-1-4-1(1)). We do so by consulting "general-language dictionaries." *Ibid.* Such dictionaries show that "premises" refers broadly to parcels of land, buildings on the land, and even portions of buildings:

- **The American-Heritage Dictionary**: "Land and the buildings on it" or "[a] building or part of a building." Premises, *The Am. Heritage Dictionary of the English Language* 1385 (4th ed. 2006).

- **The Merriam-Webster Dictionary**: "[A] specified piece or tract of land with the structures on it." Premises, *Webster's Third New Int'l Dictionary – Unabridged* 1789 (2002).

Given these definitions, section 34-31-7-2's reference to "premises" means any real property that one can enter—be it an improvement on the land or, as here, the land itself.

Despite the broad meaning of "premises", Kirsch insists that the term cannot include a church's entire parcel of land and refers only to the parcel's specific subpart that is "used primarily for worship services". The court of appeals credited Kirsch's interpretation. It determined the statute is ambiguous because it found both Kirsch's and the church's proposed interpretations reasonable:

> [T]he phrase "premises . . . used primarily for worship services" could mean either (1) the entire premises, including all buildings and the entire grounds, even where only a portion of those spaces are used primarily for worship services; or (2) only that portion of the whole of the buildings and grounds that are actually used primarily for worship services, for instance, the main worship building and its parking lot.

*Calvary Temple Church*, 232 N.E.3d at 1186 (quoting I.C. § 34-31-7-2).

Unlike the court of appeals, we are not persuaded that Kirsch's proposed interpretation is reasonable. His analysis skips a step. He interprets "premises" in light of the statute's requirement that a nonprofit religious organization use its premises "primarily for worship services". But we must first determine what "premises" means before assessing whether the disputed premises are both (1) owned by the church and (2) used primarily for worship services. Put differently, whether church-owned premises are "used primarily for worship services" merely tells us for which "premises" the church has limited liability. It does not answer the threshold question of what "premises" means. Common-language dictionaries make clear that "premises" includes an entire parcel of land. *Supra*, at 5.

Had the legislature intended "premises" in section 2 to mean only the building where worship services occur or only a subpart of the church's parcel of land, it could have limited the term's meaning as it did in adjoining section 34-31-7-3. Section 3 applies to nonprofit religious organizations that offer childcare services for a fee. In addition to the duties imposed by

section 2, section 3 imposes the duty to "inspect the premises for dangerous hazards and defects, and correct any dangerous hazard or defect within a reasonable period of time after becoming aware of the existence of the dangerous hazard or defect." I.C. § 34-31-7-3(b)(3).

Though section 3 does not govern here, it is nevertheless relevant to our case. Section 3 is relevant both because it defines "premises" at all and because its definition is cabined. "As used in this section", section 3 refers specifically to the "part" of a church-owned "building" that is used primarily for worship services and where fee-based childcare services are provided:

> Sec. 3. (a) As used in this section [IC 34-31-7-3], "premises" means a **part** of a **building** that is:
>
> (1) used primarily for worship services;
>
> (2) owned, operated, or controlled by a nonprofit religious organization; and
>
> (3) used for purposes of providing childcare services for which a fee is charged.

*Id.* § 34-31-7-3(a) (emphasis added).

We infer from the dissimilar treatment of "premises" in these two sections that "premises" in section 2 is not similarly cabined. "Premises" in section 2, rather, is consistent with general-language dictionaries that define "premises" to include an entire parcel of land. *Supra*, at 5.

Not content with this text-based interpretation, Kirsch looks to our court of appeals' decision in *Frye v. Trustees of Rumbletown Free Methodist Church*, to support his argument. 657 N.E.2d at 745. There, Frye was injured at a church parsonage and sought relief under principles of premises liability. *Id.* at 749. Like most such cases, the church's liability in *Frye* turned on Frye's **status** on the premises, not whether he was **on** the premises. Notably, the panel held Frye was not an "invitee" because he "did not enter the private premises of the parsonage for any purpose for which

it [was] held open to the public." *Ibid.* Thus, *Frye* does not support Kirsch's argument that "premises" under section 2 must mean something less than the church's entire parcel of land. Nor does *Frye* help Kirsch for another reason: *Frye* was not construing section 2. *Frye*, which was decided in 1995, predates by ten years the 2005 enactment of section 34-31-7-2. Compare *id.* at 745 (decided in 1995), with Pub. L. No. 149-2005, § 2, 2005 Ind. Acts 2307, 2308 (adding section 34-31-7-2 to the Indiana Code in 2005). Thus, *Frye* does not govern Kirsch's claim.

Here, the church's entire parcel of land qualifies as its "premises" under this statute. *Supra*, at 5 (quoting common dictionary definitions of "premises"). Thus, Kirsch had "enter[ed]" and was on the church's "premises" when he was injured. I.C. § 34-31-7-2.

B

Section 34-31-7-2 is not without limit. By its terms, the statute does not apply to all church "premises". It applies only to those "premises" a "non-profit religious organization" both "owns, operates, or controls" and "uses primarily for worship services". *Ibid*. (cleaned up). The "use" requirement is that "the premises **as a whole** [be] used primarily for worship services". *Henderson v. New Wineskin Ministries Corp.*, 160 N.E.3d 582, 585 (Ind. Ct. App. 2020) (emphasis added). How a church uses its premises determines whether the statute applies. We need not establish here the precise contours of the statute's "use" requirement. But we can imagine scenarios where other activities on church-owned land may predominate over the gathering of adherents for worship services. As just one example, consider a church-owned parcel of land on which sits an affiliated school or hospital. Even if the school or hospital contains a chapel, the overall premises may not be used "primarily" for worship services as such, but for learning, healing, or other non-worship activities. In such a case, section 34-31-7-2 would not apply.

Here, in contrast, there is no doubt the premises on which Kirsch was injured meet the statute's "use" requirement. The church designated evidence showing the whole parcel is used primarily for worship services. In response, Kirsch designated evidence showing the discrete subpart of the land on which he was injured (the barn site), along with other subparts,

are not used for worship services. Even if true, that does not defeat summary judgment. The statute applies so long as the overall parcel—the "premises as a whole"—are used primarily for worship services. *Ibid*.

Kirsch's conceptual error is illustrated by considering a 64-square chessboard. We look to the entire board to assess whether the opponents are playing chess. That some squares do not contain chess pieces during the game does not mean the board is used "primarily" for a non-chess purpose. So, too, with church-owned premises. The legal question is whether the premises are being used "primarily" for worship services. We do not answer that question with reference to only each discrete "square" of land. We consider, instead, all "squares" in the aggregate. On this record, the church met its burden to show its land—the whole of it—is used primarily for worship services.

Because Kirsch was injured while on "premises" the church "own[s]" and "use[s] primarily for worship services", the church needed only to warn him of known hidden dangers and to refrain from harming him intentionally. I.C. § 34-31-7-2. Kirsch admits the church breached neither duty. Thus, his premises-liability claim fails.

\* \* \*

For these reasons, we reverse the trial court's order denying the church summary judgment and remand with instructions to enter summary judgment for the church and against Kirsch.

Rush, C.J., and Massa, Goff, and Molter, JJ., concur.

ATTORNEYS FOR APPELLANT CALVARY TEMPLE CHURCH OF EVANSVILLE, INC.
Ronald A. Mingus
Alex M. Beeman
Katherine M. Haire
Reminger Co., L.P.A.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE GERARD A. KIRSCH

Robert T. Garwood

Gerling Law Offices

Evansville, Indiana